B. J. TUTTLE v. RONALD GREY BECK AND WIFE, JEAN (MRS. RONALD GREY) BECK, AND THELMA COX BECK
AND
LENNER TUTTLE v. RONALD GREY BECK AND WIFE, JEAN (MRS. RONALD GREY) BECK, AND THELMA COX BECK
AND
B. J. TUTTLE AND WIFE, LENNER TUTTLE v. RONALD GREY BECK AND WIFE, JEAN (MRS. RONALD GREY) BECK, AND THELMA COX BECK

No. 7019SC16

(Filed 25 February 1970)

1. **Automobiles § 105— liability of owner upon proof of registration — negligence of another — G.S. 20-71.1**

    Defendant's admission and stipulation that the automobile involved in the accident was registered in her name is sufficient evidence to support, but not compel, a finding for the plaintiffs that defendant was legally responsible for the acts and omissions of the co-defendant in the operation and parking of the automobile; but before the plaintiffs can recover they must prove by evidence competent against the owner defendant that the co-defendant was negligent and that her negligence was the proximate cause of plaintiffs' damages. G.S. 20-71.1(a), (b).

2. **Automobiles § 75— parking of automobile — negligence — sufficiency of evidence**

    Plaintiffs' evidence was to the effect that an automobile owned by defendant was found unattended against their mobile home; that the doors of the automobile were closed, its emergency brake off, and its gear shift in drive position; and that the terrain between plaintiffs' and defendant's homes consisted of an inclining dirt street. *Held:* The evidence was sufficient to support an inference that the automobile was parked by the co-defendant with the emergency brake off and the gear shift in drive position, and the case was properly submitted to the jury.

3. **Automobiles § 10— parking of automobile — what constitutes negligence.**

    To park an automobile on an incline without securing its position by use of the brake and transmission constitutes negligence; and if such neg-

ligence is the proximate cause of plaintiffs' damages, it is actionable negligence.

APPEAL by plaintiffs from *Lupton, J.,* 5 May 1969 Session, RANDOLPH Superior Court.

These are three separate actions by plaintiffs, husband and wife, to recover damages for personal injury and property damage alleged to have been proximately caused by the negligence of defendants in failing to properly park one 1956 Mercury automobile at approximately 9:00 p.m. on 31 August 1967. In one action the husband seeks to recover for his personal injuries; in another the wife seeks to recover for her personal injuries; and in the third the husband and wife jointly seek to recover for damages to their mobile home. The allegations of negligence are identical in each of the three actions, and the three actions were consolidated for trial.

Plaintiffs allege that defendants Ronald Grey Beck and his mother, Thelma Cox Beck, were the owners of the 1956 Mercury automobile; that the automobile was maintained by them as a "family purpose" automobile and was being operated for a family purpose by defendant Jean Beck, wife of Ronald Grey Beck. Plaintiffs allege that Jean Beck was negligent in the following respects:

"(a) She failed to effectively set the parking brake as required by G.S. 20-124(b) and as required by the common law of North Carolina in exercising reasonable care to secure the car.

"(b) She failed to turn her front wheels toward the side of the drive as required by G.S. 20-124(b) and as required by the common law of North Carolina in exercising reasonable care to secure the car.

"(c) She failed to engage the transmission or to place the car in park as required by the common law of North Carolina in exercising reasonable care to secure the car.

"(d) She failed to maintain adequate brakes on the car."

Defendants Ronald Grey Beck and Jean Beck admitted that Jean Beck parked the car on an incline in the driveway to their mobile home at approximately 9:00 p.m. on 31 August 1967; and defendant Thelma Cox Beck admitted the car was registered in her name. All other material allegations of the complaints were denied.

Plaintiffs' evidence tended to show the following: The parties live in mobile homes on opposite sides of a dirt street named Dixie

Place. Dixie Place is downgrade from east to west. Plaintiffs' mobile home is on the south side of Dixie Place and down the hill a little distance from defendants' mobile home, which is on the north side of Dixie Place. The driveway to defendants' mobile home is upgrade from Dixie Place. At about 9:00 p.m. on 31 August 1967 defendant Jean Beck came down Dixie Place, made a right hand turn into defendant's driveway, pulled up the driveway and parked the 1956 Mercury with its rear towards Dixie Place. About thirty minutes later the front of the 1956 Mercury collided with the front corner of plaintiffs' mobile home. The plaintiff B. J. Tuttle went out and found the 1956 Mercury against the front of his mobile home. When he arrived the doors to the Mercury automobile were closed, the emergency brake was off, and the gear was in drive position. Plaintiff did not see anyone in or near the automobile until others came out later.

Plaintiffs offered further evidence which tended to show personal injury to each, and damage to their mobile home.

At the close of plaintiffs' evidence judgments of compulsory nonsuit were entered as to each defendant. Plaintiffs appealed.

*John Randolph Ingram for plaintiffs.*

*Smith, Moore, Smith, Schell & Hunter, by Bynum M. Hunter, for defendants Ronald Grey Beck and Jean Beck.*

*Jordan, Wright, Nichols, Caffrey & Hill, by G. Marlin Evans, for defendant Thelma Cox Beck.*

BROCK, J.

The record is absolutely void of evidence or admission to connect defendant Ronald Grey Beck with the ownership or operation of the Mercury automobile. Therefore, nonsuit as to him was proper.

[1] The defendant Thelma Cox Beck admitted and stipulated that the 1956 Mercury automobile was registered in her name. "Proof of the registration of a motor vehicle in the name of any person, firm, or corporation, shall for the purpose of any such action [as set out in G.S. 20-71.1(a)], be prima facie evidence of ownership and that such motor vehicle was then being operated by and under the control of a person for whose conduct the owner was legally responsible, for the owner's benefit, and within the course and scope of his employment." G.S. 20-71.1(b). Because of G.S. 20-71.1 the admission and stipulation by defendant Thelma Cox Beck is sufficient evidence to support, but not compel, a finding for plaintiffs that she was

legally responsible for the acts and omissions of defendant Jean Beck in the operation and parking of the car. But that is the full effect of the statute, and, before plaintiffs can recover they must prove by evidence competent against defendant Thelma Cox Beck, that Jean Beck was negligent and that her negligence was the proximate cause of plaintiffs' damages. *Branch v. Dempsey,* 265 N.C. 733, 145 S.E. 2d 395.

[2]   The question remaining is whether plaintiffs' evidence of negligence on the part of defendant Jean Beck was sufficient to withstand motions for nonsuit as to Jean Beck and Thelma Cox Beck. Defendants argue stressfully that the only reasonable inference from the evidence is that the automobile backed down the Beck driveway, turned its wheels to the right so as to back up Dixie Place, straightened its wheels, rolled down Dixie Place for some distance, turned its wheels to the left, ran in plaintiffs' driveway, and collided with plaintiffs' mobile home. Defendants argue that an automobile cannot behave in such fashion, and therefore the only reasonable inference is that someone was at the steering wheel. This, they argue, shows that the manner of parking the automobile in the Beck driveway could in no way constitute a proximate cause of plaintiffs' damages. This may be persuasive argument for the finders of the facts, but we are not prepared to say as a matter of law that an unattended automobile could not behave in this fashion. Dirt driveways and dirt streets commonly have ruts, tracks, or rocks, any one of which is capable of causing the front wheels of a rolling and unattended automobile to turn in unpredictable ways.

In our view plaintiffs' evidence of the physical characteristics of the terrain, coupled with their evidence that the automobile was found at the accident scene unattended and with its doors closed, its emergency brake off, and its gear shift in drive position is sufficient to withstand the motions for nonsuit. The evidence of the position of the emergency brake and the gear shift after the collision, with no intervening human element, support a reasonable inference that the car was parked with the emergency brake off and the gear shift in drive position.

[3]   To park an automobile on an incline without securing its position by use of the brake and transmission constitutes negligence, and, if such negligence is the proximate cause of plaintiffs' damages, it is actionable negligence. In our view it is a question for the jury to resolve under proper instructions by the trial judge.

The result is this: The judgment of nonsuit as to the defendant

Ronald Grey Beck is affirmed, and the judgments of nonsuit as to defendants Jean Beck and Thelma Cox Beck are reversed.

Affirmed in part.

Reversed in part.

BRITT and GRAHAM, JJ., concur.